NACEPF
NORTH AMERICAN
CATHOLIC EDUCATIONAL
PROGRAMMING FOUNDATION INC.

2419 Hartford Avenue, Johnston, RI 02919-1719 • Tel. (401) 934-1100 • Fax (401) 934-2240

A Lay Educational Foundation

*Is accredited by The Accrediting Commission International For Schools, Colleges and Theological Seminaries.*

December 13, 2007

***Via E-Mail & Certified US Mail***

Mr. Neil Brown
Director, Spectrum Management
Sprint Nextel
3410 E. University Drive
Suite 200
Phoenix, AZ 85034

Re: Expired ITFS Excess Capacity Airtime Lease Agreement between North American Catholic Education Programming Foundation, Inc. ("NACEPF") and Mitchell Communications Corp. dated May 31, 1991, assigned to Wireless Plus, Inc. on November 29, 1993, further assigned to Wireless Plus of Santa Rosa, Inc. on September 2, 1994, and further assigned to American Telecasting of Santa Rosa, Inc. ("ATSR"), now a wholly-owned subsidiary of Sprint Nextel Corporation ("Sprint"), (collectively, "Agreement")

Dear Neil:

This letter responds to yours dated December 6, 2007 regarding the above referenced Agreement that relates to the so-called D(1) -D(4) channels (the "ITFS Channels") authorized to NACEPF for use in Santa Rosa, CA under the Federal Communications Commission ("FCC") call sign WLX642.

Your letter purports to exercise Sprint's right of first refusal ("ROFR") pursuant to Section 1(C) of the Agreement, based on my letter of November 6, 2007, which notified Sprint that NACEPF received an acceptable offer from Clearwire Spectrum Holdings II, LLC ("Clearwire") to lease the ITFS Channels (the "Clearwire Lease"). However, Sprint's attempt to exercise its ROFR was ineffective.

Section 1(C) of the Agreement provides Sprint with a period of thirty (30) days to elect to lease the ITFS Channels "for the same fees, charges, rental or other consideration" for which NACEPF proposes to lease the ITFS Channels and, if any of the consideration is in non-cash form, to propose a cash amount fairly equivalent to such non-cash consideration. Your letter describes a proposal to substitute the value of 17,824 shares of Clearwire Corporation Class A Common Stock in lieu of the Equity Royalty and $6,146,575 payable in monthly installments of $17,074, in lieu of the Access Right Royalties (your letter also states that "all provisions of the IUA relating to the Equity

EXHIBIT
E

Royalty and Access Right Royalties are no longer appropriate and the IUA will be revised accordingly"). As a threshold matter, NACEPF objects to Sprint's valuation of the Equity Royalty and Access Rights Royalties. Moreover, your letter does not commit, as Sprint is required in order to properly exercise its ROFR, that it will meet all of the terms and conditions of the IUA and relevant provisions of the MRUA and MRUA-1. To the contrary, your letter states that "the IUA [will] be revised to take into account those provisions specific to the identity of Clearwire or that cannot be interpreted without reference to the MRUA or MRUA-1." My letter of November 6 stated that the fees, charges, rental and other consideration contained in the Clearwire Lease, as well as the relevant and material terms and conditions therein, are contained in the IUA, the MRUA and MRUA-1 and noted that you had been provided with copies of each (either with my November 6 letter or earlier). The rights created in the MRUA and MRUA-1 are an integral part of the fees, charges, rental and other consideration and the IUA cannot be revised to exclude those rights. Because you were provided with MRUA and MRUA-1, there is no reason that Sprint cannot match the provisions of the IUA that require reference to MRUA and MRUA-1.

We are willing to provide Sprint with another seven (7) days to properly exercise its ROFR rights by unconditionally agreeing to meet all the terms of the Clearwire Lease, including all of the terms of the IUA, and the relevant provisions of the MRUA and MRUA-1. If Sprint does not properly exercise its ROFR rights by the end of that 7 day period, it will have waived its election option and NACEPF will proceed to enter into an IUA with Clearwire. If you have any questions regarding the foregoing, please let us know.

Very truly yours,

John Primeau
President

cc:

(via Certified Mail)
Sprint Broadband Wireless
Vice President, Spectrum Management
6360 Sprint Parkway
Overland Park, KS 66251
Mailstop: KSOPH0306 3B775

Sprint Broadband Wireless
Manager, Spectrum Contracts & Licenses
6360 Sprint Parkway
Overland Park, KS 66251
Mailstop: KSOPHE0310 3A522

(via e-mail)
Robert Finch

**NACEPF**
NORTH AMERICAN
CATHOLIC EDUCATIONAL
PROGRAMMING FOUNDATION INC.

2419 Hartford Avenue, Johnston, RI 02919-1719 • Tel. (401) 934-1100 • Fax (401) 934-2240

A Lay Educational Foundation

*Is accredited by The Accrediting Commission International For Schools, Colleges and Theological Seminaries.*

December 13, 2007

*Via E-Mail & Certified US Mail*

Mr. Neil Brown
Director, Spectrum Management
Sprint Nextel
3410 E. University Drive
Suite 200
Phoenix, AZ 85034

Re: Expired ITFS Excess Capacity Airtime Lease Agreement between North American Catholic Education Programming Foundation, Inc. ("NACEPF") and American Telecasting, Inc., now a wholly owned subsidiary of Sprint Nextel Corporation ("Sprint"), dated December 3, 1991 ("Sprint"), amended on April 21, 1994 ("First Amendment"), May 3, 1997 ("Second Amendment") and May 30, 1997 ("Third Amendment") (collectively, "Agreement")

Dear Neil:

This letter responds to yours dated December 6, 2007 regarding the above referenced Agreement that relates to the so-called D(1) -D(4) channels (the "ITFS Channels") authorized to NACEPF for use in Bradenton, Florida, under the Federal Communications Commission ("FCC") call sign WLX724.

Your letter purports to exercise Sprint's right of first refusal ("ROFR") pursuant to Section 1(C) of the Agreement, based on my letter of November 6, 2007, which notified Sprint that NACEPF received an acceptable offer from Clearwire Spectrum Holdings II, LLC ("Clearwire") to lease the ITFS Channels (the "Clearwire Lease"). However, Sprint's attempt to exercise its ROFR was ineffective.

Section 1(C) of the Agreement provides Sprint with a period of thirty (30) days to elect to lease the ITFS Channels "for the same fees, charges, rental or other consideration" for which NACEPF proposes to lease the ITFS Channels and, if any of the consideration is in non-cash form, to propose a cash amount fairly equivalent to such non-cash consideration. Your letter describes a proposal to substitute the value of 16,653 shares of Clearwire Corporation Class A Common Stock in lieu of the Equity Royalty and $5,612,809, payable in monthly installments of $15,591 in lieu of the Access Right Royalties (your letter also states that "all provisions of the IUA relating to the Equity Royalty and Access Right Royalties are no longer appropriate and the IUA will be revised

accordingly"). As a threshold matter, NACEPF objects to Sprint's valuation of the Equity Royalty and Access Rights Royalties. Moreover, your letter does not commit, as Sprint is required in order to properly exercise its ROFR, that it will meet all of the terms and conditions of the IUA and relevant provisions of the MRUA and MRUA-1. To the contrary, your letter states that "the IUA [will] be revised to take into account those provisions specific to the identity of Clearwire or that cannot be interpreted without reference to the MRUA or MRUA-1." My letter of November 6 stated that the fees, charges, rental and other consideration contained in the Clearwire Lease, as well as the relevant and material terms and conditions therein, are contained in the IUA, the MRUA and MRUA-1 and noted that you had been provided with copies of each (either with my November 6 letter or earlier). The rights created in the MRUA and MRUA-1 are an integral part of the fees, charges, rental and other consideration and the IUA cannot be revised to exclude those rights. Because you were provided with MRUA and MRUA-1, there is no reason that Sprint cannot match the provisions of the IUA that require reference to MRUA and MRUA-1.

We are willing to provide Sprint with another seven (7) days to properly exercise its ROFR rights by unconditionally agreeing to meet all the terms of the Clearwire Lease, including all of the terms of the IUA, and the relevant provisions of the MRUA and MRUA-1. If Sprint does not properly exercise its ROFR rights by the end of that 7 day period, it will have waived its election option and NACEPF will proceed to enter into an IUA with Clearwire. If you have any questions regarding the foregoing, please let us know.

Very truly yours,

John Primeau
President

cc: (via Certified Mail)
Sprint Broadband Wireless
Vice President, Spectrum Management
6360 Sprint Parkway
Overland Park, KS 66251
Mailstop: KSOPH0306 3B775

Sprint Broadband Wireless
Manager, Spectrum Contracts & Licenses
6360 Sprint Parkway
Overland Park, KS 66251
Mailstop: KSOPHE0310 3A522

(via e-mail)
Robert Finch