**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| AMERICAN TELECASTING OF SANTA ROSA, INC.<br><br>and<br><br>AMERICAN TELECASTING, INC.<br><br>Plaintiffs,<br><br>v.<br><br>NORTH AMERICAN CATHOLIC EDUCATIONAL PROGRAMMING FOUNDATION, INC.,<br><br>Defendant. | ) | Case No. 07-467ML |

**MOTION FOR ISSUANCE OF TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTIVE RELIEF**

Plaintiffs American Telecasting of Santa Rosa, Inc. and American Telecasting, Inc. (hereinafter collectively referred to as "Lessees"), pursuant to Fed. R. Civ. P. 65(a), respectfully request that this Court enter a temporary restraining order and an injunction preliminarily enjoining Defendant North American Catholic Educational Programming Foundation, Inc. ("NACEPF") from entering into any transaction involving the lease, transfer, or assignment of certain excess capacity spectrum rights, rights that are subject to the rights of first refusal granted to Lessees under certain lease agreements between Lessees and NACEPF. In support of their Motion, Lessees rely upon the Verified Complaint filed with the Court on December 18, 2007, and the Memorandum filed contemporaneously with this Motion.

Respectfully submitted,

/s/ Jeffrey S. Brenner
Jeffrey S. Brenner (#4369)
NIXON PEABODY LLP
One Citizens Plaza, 5th Floor
Providence, RI 02903
Tel: (401) 454-1000
Fax: (401) 454-1030
jbrenner@nixonpeabody.com

and

Of Counsel:
Craig O'Dear (MO # 30167)
Elaine Drodge Koch (MO # 38366)
BRYAN CAVE LLP
3500 One Kansas City Place
1200 Main Street
Kansas City, MO 64105
Tel: (816) 374-3200
Fax: (816) 374-3300
csodear@bryancave.com
edkoch@bryancave.com

DATED: December 19, 2007

COUNSEL FOR PLAINTIFFS

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| AMERICAN TELECASTING OF SANTA ROSA, INC., et al., | ) | |
| Plaintiffs, | ) | Case No. 07-467/ML |
| v. | ) | |
| NORTH AMERICAN CATHOLIC EDUCATIONAL PROGRAMMING FOUNDATION, INC., | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND ISSUANCE OF PRELIMINARY INJUNCTIVE RELIEF**

Plaintiffs American Telecasting of Santa Rosa, Inc. and American Telecasting, Inc. (collectively, "Lessees") submit this Memorandum in Support of their Motion for Temporary Restraining Order and Issuance of Preliminary Injunctive Relief pursuant to Fed. R. Civ. P. 65(a).

## I. Nature of Plaintiffs' Request for Injunctive Relief

Lessees seek an order temporarily restraining and preliminarily enjoining Defendant North American Catholic Educational Programming Foundation, Inc. ("NACEPF") from entering into any transaction involving the lease, transfer, or assignment of certain excess capacity spectrum rights (rights that are subject to the rights of first refusal granted to Lessees under certain lease agreements between Lessees and NACEPF) until the merits of the underlying action are determined and this lawsuit is concluded. The leases concern excess capacity "spectrum rights" – rights in radio frequencies used for the transmission of sound, data, and video. The Federal Communications Commission ("FCC") is responsible for administering and

allocating spectrum rights. The FCC has allocated a portion of the 2.5 GHz band of spectrum, known as Educational Broadband Service (or "EBS") for licenses issued to educational institutions and certain not-for-profit entities like NACEPF.

Commercial operators like Lessees must purchase or lease particular spectrum groupings in a given market to provide wireless services that will be free from interference and otherwise appropriate for commercial operations. Licensed spectrum is finite within the 2.5 GHz band and the FCC has already licensed nearly all available EBS spectrum in each market. As a consequence, licensed spectrum rights are unique and have significant value to wireless commercial operators like Lessees.

If the proposed injunction does not issue and NACEPF is permitted to consummate the threatened lease transactions with the third party at issue (Clearwire Corporation), Lessees stand to lose the benefit of their bargained-for rights of first refusal for the excess spectrum capacity. The issuance of a preliminary injunction would not prejudice NACEPF but would merely delay NACEPF's ability to lease the spectrum channels to Clearwire while Lessees' ROFRs are still in effect–a bargained contractual obligation for NACEPF. Without the preliminary injunction, Lessees may forever lose their bargained for rights to lease or obtain the channels–a unique and irreplaceable asset. The damage to Lessees would be irreparable.

## II. Factual Background

NACEPF is the licensee of certain spectrum channels authorized by the FCC. NACEPF has leased its excess "spectrum rights" to Lessees pursuant to the ITFS Excess Capacity Airtime Lease Agreement – Santa Rosa and ITFS Excess Capacity Airtime Lease Agreement – Bradenton, Florida (the "Lease Agreements"; see ¶¶ 15-16 of Verified Complaint ("Complaint").

The lease terms of the Lease Agreements expired on August 13, 2007 and October 27, 2007. See Complaint, at ¶ 21. Under the Lease Agreements, NACEPF granted to each Lessee a right of first refusal ("ROFR") with respect to competing proposals NACEPF receives to lease the spectrum rights until twelve months following the termination of each lease. NACEPF gave Lessees notice in which it represented that it had received competing offers triggering Lessees' ROFR under the Lease Agreements. Id. at ¶ 22. Lessees elected to exercise their ROFRs, making equivalent proposals to lease the spectrum rights. Id. at ¶ 24.

NACEPF has improperly refused to recognize Lessees' exercise of their ROFR rights, claiming Lessees' elections are ineffective because their offers do not, in NACEPF's view, meet the terms and conditions of the competing offers and disputing Lessees' valuation of certain non-cash consideration. See Complaint, at ¶ 26. NACEPF has communicated its intention to proceed to consummate the competing transactions in seven days (December 20, 2007), unless Lessees meets certain conditions mandated by NACEPF which are not required under the Lease Agreements. Id. at ¶ 27.

Lessees commenced the present action seeking declaratory relief that their notices electing to exercise their ROFR rights were effective and proper under the terms of the Lease Agreements, that Lessees' ROFR remain open until five days after Lessees are notified by an arbitrator of a determination, and that NACEPF is not entitled to consummate the competing transactions. Lessees seek injunctive relief enjoining NACEPF from consummating the competing transactions in contravention of the explicit terms of the lease Agreements. Lessees further seek to compel NACEPF to proceed in accordance with the arbitration provisions under the Lease Agreements to resolve any disputed issues concerning whether Lessees' stated offers are in an amount fairly equivalent to the consideration payable under the competing offers.

Under the Lease Agreements, Lessees have a valid business expectancy of use of the spectrum at issue. If the threatened lease transactions with Clearwire are consummated, Lessees will suffer loss of the ROFRs granted by NACEPF to Lessees under the Lease Agreements. There is no adequate remedy at law to compensate Lessees for the damage they will suffer if the threatened lease transactions with Clearwire are consummated. Lessees will be irreparably harmed in the absence of the injunctive relief sought because the spectrum is finite, unique, and extremely valuable.

A substantial likelihood exists that Lessees will succeed on the merits of their claims against NACEPF. The injury threatened to Lessees from the consummation of the threatened lease transactions with Clearwire outweighs the harm the requested injunction may cause NACEPF. Granting the requested injunctive relief will serve the public interest in enforcing contractual commitments between parties.

## III. Argument and Authorities

Injunctive relief is appropriate where a party is threatened with immediate and irreparable injury that may occur before the court would otherwise resolve a dispute. See Bercovitch v. Baldwin Sch., 133 F.3d 141, 151 (1st Cir. 1998) ("We agree that the district court had jurisdiction to issue a preliminary injunction to preserve the status quo pending arbitration.") citing Teradyne, Inc. v. Mostek Corp., 797 F.2d 43, 51 (1st Cir. 1986) ("[A] district court can grant injunctive relief in an arbitrable dispute pending arbitration, provided the prerequisites for injunctive relief are satisfied."). To obtain injunctive relief, a party must establish: (a) a reasonable probability of success on the merits; (b) irreparable injury unless the injunctive relief issues; (c) that the threatened injury to the movant outweighs whatever damage the proposed injunctive relief may cause defendant, and (d) that the injunction, if issued, would not be adverse to the public interest. Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 102 F.3d 12, 15 (1st Cir.

1996). Because all four of these factors are satisfied, Lessees seek an order preliminarily restraining and enjoining NACEPF from consummating the transactions with Clearwire described in the ROFR Notices, to protect Lessees from immediate and irreparable harm.

**A. Lessees are Likely to Prevail on the Merits of Their Claims.**

There is a strong likelihood that Lessees will prevail on their claims against NACEPF for declaratory relief that Lessees validly and effectively exercised their ROFR rights with respect to the EBS channels and that Lessees will likely prevail on their claims against NACEPF for breach of contract and specific performance.

As to the declaratory relief sought, the Lessees have properly exercised their ROFR by giving notice of their election in the Election Letters. Contrary to the position taken by NACEPF, the express terms of the Lease Agreement do not require that Lessees unconditionally match all of the terms and conditions of a competing offer deemed acceptable by NACEPF, but rather only require that Lessees elect to obtain the lease or obtain the Channels "for the same fees, charges, rental or other consideration" proposed by the third party. See Complaint, at ¶¶ 18, 23. Because Lessees have validly and properly elected to exercise their ROFRs, and have elected to refer to arbitration the parties' disputes over the valuation of non-cash consideration included in the Clearwire offers, NACEPF may not rightfully enter into the transactions with Clearwire described in the ROFR Notices. Compuserve, Inc. v. Vigny Int'l Finance, Ltd., 760 F. Supp. 1273, 1277 (S.D. Ohio 1990) ("When examining arbitrating provisions, the Court must keep in mind the strong presumption in favor of arbitrability set forth in [U.S. Steel Workers v. American MGF Co., 363 U.S. 564 (1960)]"; See also, Erving v. Virginia Squires Basketball Club, 468 F.2d 1064, 1067 (2nd Cir. 1972) ("the only way to preserve the *status quo* during the pendency of the arbitration proceeding is by the granting of injunctive relief."); Nassau Sports v.

Peters, 352 F. Supp. 870, 878 (E.D.N.Y. 1972) (an agreement to arbitrate is enforceable by injunction.).

As to its breach of contract and specific performance claims, Lessees likely will be successful because NACEPF breached its obligations in the Lease Agreements by failing and refusing to honor Lessees' ROFRs under the Lease Agreements, and by failing and refusing to honor Lessees' demands for arbitration to resolve the disputes with NACEPF over the valuation of non-cash consideration that Lessees must match in cash in exercising their ROFRs. NACEPF has failed and refused to recognize Lessees' elections as valid, and has violated and is continuing to violate its contractual obligations under the Lease Agreements by refusing to acknowledge Lessees' rights and by moving forward with consummation of the competing transactions with Clearwire. See Complaint, at ¶¶ 27, 29. Instead, NACEPF has advised Lessees that it intends to consummate the proposed transactions with Clearwire after December 20, 2007, unless Lessees agree to conditions not required under the Lease Agreements. Id. Accordingly, Lessees are likely to prevail on the merits of their claims.

**B. Lessees will Suffer Irreparable Injury Unless the Injunctive Relief is Issued.**

Rule 65(a) of the Federal Rules of Civil Procedure provides that injunctive relief will issue upon a showing that immediate and irreparable injury, loss or damage, will result to the moving party. See Fed. R. Civ. P. 65(a). In this case, injunctive relief is necessary to avoid consummation of the threatened lease transactions with Clearwire, in contravention of Lessees' ROFRs under the Lease Agreements.

The unique characteristics of the spectrum channels at issue make their loss one which cannot be fully compensated by an award of money damages. This is the essence of irreparable injury. See Ross-Simons, 102 F.3d at 19 ("If the plaintiff suffers a substantial injury that is not

accurately measurable or adequately compensable by money damages, irreparable harm is a natural sequel."). Moreover, "[t]o establish irreparable harm, however, a plaintiff need not demonstrate that the denial of injunctive relief will be fatal to its business. It is usually enough if the plaintiff shows that its legal remedies are inadequate." Id. at 18 (internal citations and quotations omitted). If the proposed injunction does not issue and NACEPF is permitted to consummate the threatened lease transactions with Clearwire, Lessees stand to lose the benefit of their bargained-for rights of first refusal for the excess spectrum capacity. See Drywall Tapers & Pointers of Greater New York v. Operative Plasteers, 537 F.2d 669, 675 (2nd Cir. 1976) (finding irreparable injury where injunctive relief was necessary to preserve plaintiffs' bargained-for benefits). The issuance of a preliminary injunction would merely delay NACEPF's ability to lease the spectrum channels to Clearwire while Lessees' ROFRs are still in effect–a contractual obligation that the parties bargained for NACEPF to have. Without the preliminary injunction, Lessees will forever lose their bargained for rights to lease or obtain the channels–a unique and irreplaceable asset. There is no adequate remedy at law to compensate Lessees for the damage that Lessees will suffer if NACEPF's threatened lease transactions with Clearwire are consummated. If the court should later find that Lessees are entitled to specific performance, it will be difficult if not impossible to undo NACEPF's lease of the channels to Clearwire. See PCTV Gold, Inc. v. SpeedNet, LLC, Case No. 07-2189 (8th Cir., Nov. 29, 2007) (affirming issuance of preliminary injunction enjoining transfer of spectrum rights in violation of contractual "right of first offer" held by an affiliate of Sprint Nextel Corporation) (attached as Exhibit A). See also Starlight Sugar, Inc. v. Soto, 114 F.3d 330, 332 (1st Cir. 1997) (recognizing "loss of a unique or fleeting business opportunity can constitute irreparable injury," where "the potential value of an evanescent business opportunity may be extremely difficult to measure,

after the fact"); K-Mart Corp. v. Oriental Plaza, Inc., 875 F.2d 907, 915 (1st Cir. 1989)(finding irreparable harm supporting preliminary injunction prohibiting landlord from constructing new building in front of K-Mart store, where loss of revenues was "sufficiently problematic as to defy precise dollar quantification"). Accordingly, Lessees will suffer irreparable injury unless the Court issues the injunctive relief Lessees seek.

**C. Threatened Injury to Lessees Outweigh Whatever Damage the Proposed Injunctive Relief Could Cause NACEPF.**

The balance of harm clearly favors Lessees in this case. If the proposed injunction issues, the proposed lease of excess spectrum capacity to Clearwire by NACEPF will be stopped, at least until Lessees have been afforded their right to exercise the ROFRs granted to Lessees by NACEPF under the Lease Agreements. This is not a significant or restrictive burden on NACEPF since the ROFR provisions in the Lease Agreements were rights bargained for and granted to Lessees under the Lease Agreements. See Ross-Simons, 217 F.3d at 14 (upholding issuance of injunctive relief specifically enforcing contract, noting that "[defendant] negotiated and executed the [agreement], so it can hardly object to the court's ordering specific performance in precisely the same terms"). Plainly, NACEPF recognizes Lessees' valid and enforceable ROFRs with respect to the excess spectrum capacity at issue, since it complied with the Lease Agreements' notice provisions by delivering the ROFR Notices.

If the proposed injunction does not issue and NACEPF is permitted to consummate the threatened lease transactions with Clearwire, Lessees stand to lose the benefit of their bargained-for rights of first refusal. The issuance of a preliminary injunction would only delay NACEPF's ability to lease the EBS channels to Clearwire while Lessees' ROFR are still in effect – a contractual obligation that the parties bargained for NACEPF to have. Without the preliminary

injunction, Lessees will forever lose their bargained for rights to lease or obtain the EBS channels – a unique and irreplaceable asset. See PCTV Gold, Inc. v. SpeedNet, LLC, at p. 10-11. Thus, the injury to Lessees from the consummation of NACEPF's threatened lease transactions with Clearwire clearly outweighs the harm the requested injunction may cause NACEPF.

**D. The Injunction, if Issued, Would Not be Adverse to the Public Interest.**

Enjoining the proposed transactions between NACEPF and Clearwire, as described in the ROFR Notices, is tantamount to enforcing the valid ROFRs granted Lessees by NACEPF under the Lease Agreements. Enforcing the ROFR granted to Lessees by NACEPF under the Lease Agreements would not be adverse to the public interest. The enforcement of valid contracts is a recognized public interest. See Ross-Simons, 102 F.3d at 13-14. Indeed, granting the requested injunctive relief will serve the public interest in enforcing contractual commitments between parties. PCTV Gold, Inc. v. SpeedNet, LLC, at p. 11. Accordingly, the injunction, if issued, would not be adverse to the public interest.

## IV. Conclusion

For the reasons stated in Plaintiffs' Motion for Temporary Restraining Order and Issuance of Injunctive Relief, this Memorandum in Support and Plaintiffs' Verified Complaint, the Court should enter an injunction enjoining and restraining NACEPF from consummating the proposed lease transactions with Clearwire outlined in the ROFR Notices, until the merits of the underlying action are determined and this lawsuit is concluded; and awarding Plaintiffs such other and further relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

/s/ Jeffrey S. Brenner

Jeffrey S. Brenner, Esq. (#4369)
NIXON PEABODY LLP
One Citizens Plaza, 5th Floor
Providence, RI 02903
Tel: (401) 454-1000
Fax: (401) 454-1030
jbrenner@nixonpeabody.com

and

Of Counsel:
Craig O'Dear (MO # 30167)
Elaine Drodge Koch (MO # 38366)
BRYAN CAVE LLP
3500 One Kansas City Place
1200 Main Street
Kansas City, MO 64105
Tel: (816) 374-3200
Fax: (816) 374-3300
csodear@bryancave.com
edkoch@bryancave.com

Dated: December 19, 2007

COUNSEL FOR PLAINTIFFS