**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| AMERICAN TELECASTING OF SANTA ROSA, INC.<br><br>and<br><br>AMERICAN TELECASTING, INC.<br><br>Plaintiffs,<br><br>v.<br><br>NORTH AMERICAN CATHOLIC EDUCATIONAL PROGRAMMING FOUNDATION, INC.,<br><br>Defendant. | ) | Case No. 07-467ML |

**PLAINTIFF'S REQUEST FOR AN EXPEDITED HEARING CONCERNING ITS MOTION FOR TEMPORARY RESTRAINING ORDER AND ISSUANCE OF PRELIMINARY INJUNCTIVE RELIEF**

Pursuant to Local Rule 9, Plaintiffs American Telecasting of Santa Rosa, Inc. and American Telecasting, Inc. (collectively, "Lessees") request an expedited hearing on Wednesday, December 19, 2007, concerning its Motion for Temporary Restraining Order and Issuance of Preliminary Injunctive Relief for the reasons set forth in the attached Memorandum.

Respectfully submitted,

/s/ Jeffrey S. Brenner
Jeffrey S. Brenner (#4369)
NIXON PEABODY LLP
One Citizens Plaza, 5th Floor
Providence, RI 02903
Tel: (401) 454-1000
Fax: (401) 454-1030
jbrenner@nixonpeabody.com

and

Of Counsel:
Craig O'Dear (MO # 30167)
Elaine Drodge Koch (MO # 38366)
BRYAN CAVE LLP
3500 One Kansas City Place
1200 Main Street
Kansas City, MO 64105
Tel: (816) 374-3200
Fax: (816) 374-3300
csodear@bryancave.com
edkoch@bryancave.com

DATED: December 19, 2007

COUNSEL FOR PLAINTIFFS

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

AMERICAN TELECASTING OF SANTA ROSA, INC.

and

AMERICAN TELECASTING, INC.

Plaintiffs,

v.

NORTH AMERICAN CATHOLIC EDUCATIONAL PROGRAMMING FOUNDATION, INC.,

Defendant.

Case No. 07-467ML

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S REQUEST FOR AN EXPEDITED HEARING**

Plaintiffs American Telecasting of Santa Rosa, Inc. and American Telecasting, Inc. (collectively, "Lessees") have moved for an Expedited Hearing concerning its Motion for Temporary Restraining Order and Issuance of Preliminary Injunctive Relief for the reasons set forth below.

Lessees entered into certain written lease agreements with Defendant North American Catholic Educational Programming Foundation, Inc. ("NACEPF") for the lease of excess capacity "spectrum rights" - radio frequencies used for the transmission of sound, data, and video (the "Lease Agreements"). Spectrum is used to offer cutting edge telecommunications services such as wireless cable and internet data transmission. The Federal Communications Commission ("FCC") is responsible for administering and allocating spectrum rights used by the private sector. The FCC has allocated a portion of the 2.5 GHz band of spectrum, known as Educational

Broadband Service, or "EBS," for licenses issued to educational institutions and certain not-for-profit entities like NACEPF.

Licensed spectrum is finite within the 2.5 GHz band and the FCC has already licensed nearly all available EBS spectrum in each market. Therefore, commercial operators like Lessees must purchase or lease particular spectrum groupings in a given market to provide wireless services that will be free from interference and otherwise appropriate for commercial operations. As a consequence, licensed spectrum rights are unique and have significant value to wireless commercial operators like Lessees.

Lessees leased spectrum rights from NACEPF in Santa Rosa, California and Bradenton, Florida. Under the Lease Agreements, NACEPF granted to each Lessee a right of first refusal ("ROFR") with respect to competing proposals NACEPF receives to lease the spectrum rights for twelve months following the termination of each lease. The terms of the Lease Agreements between NACEPF and Lessees expired by their terms on August 13, 2007 and October 27, 2007. NACEPF gave Lessees notice of what it deemed to be competing offers it received, triggering Lessees' ROFRs under the Lease Agreements. Lessees elected to exercise their ROFRs and made equivalent proposals on December 6, 2007 to lease the spectrum rights.

NACEPF has improperly refused to recognize Lessees' exercise of their ROFRs, claiming Lessees' elections are ineffective because their offers do not, in NACEPF's view, meet the terms and conditions of the competing offers. NACEPF also has disputed Lessees' valuation of certain non-cash consideration made in the competing proposals. NACEPF has communicated its intention to proceed to consummate the competing transactions in seven days (December 20, 2007) unless Lessees meet certain conditions mandated by NACEPF but which are not required under the Lease Agreements.

Lessees have filed the present action seeking declaratory relief that their notices electing to exercise their ROFRs were effective and proper under the terms of the Lease Agreements, that Lessees' ROFRs remain open until five days after Lessees are notified by an arbitrator of a determination, and that NACEPF is not entitled to consummate the competing transactions. Lessees seek injunctive relief enjoining NACEPF from consummating the competing transactions in contravention of the explicit terms of the Lease Agreements. Lessees further seek to compel NACEPF to proceed in accordance with the arbitration provisions under the Lease Agreements to resolve any disputed issues concerning whether Lessees' stated offers are in an amount fairly equivalent to the cash and non-cash value of the consideration payable under the competing offers.

As explained in Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunctive Relief, if the proposed injunctive relief does not issue and NACEPF is permitted to consummate the threatened lease transactions with Clearwire, Lessees stand to lose the benefit of their bargained-for rights of first refusal. The issuance of an injunctive relief would only delay NACEPF's ability to lease the ITFS Channels to Clearwire while Lessees' ROFR are still in effect – a contractual obligation that the parties bargained for. Without the preliminary injunction, Lessees will forever lose their bargained for rights to lease or obtain the spectrum rights – a unique and irreplaceable asset. Thus, the injury to Lessees from the consummation of NACEPF's threatened lease transactions with Clearwire clearly outweighs the harm the requested injunction may cause NACEPF.

Respectfully submitted,

/s/ Jeffrey S. Brenner

Jeffrey S. Brenner (#4369)
NIXON PEABODY LLP
One Citizens Plaza, 5th Floor
Providence, RI 02903
Tel: (401) 454-1000
Fax: (401) 454-1030
jbrenner@nixonpeabody.com

and

Of Counsel:
Craig O'Dear (MO # 30167)
Elaine Drodge Koch (MO # 38366)
BRYAN CAVE LLP
3500 One Kansas City Place
1200 Main Street
Kansas City, MO 64105
Tel: (816) 374-3200
Fax: (816) 374-3300
csodear@bryancave.com
edkoch@bryancave.com

Dated: December 19, 2007

COUNSEL FOR PLAINTIFFS