Sprint
Together with NEXTEL

**Sprint Nextel**
3410 E University Drive
Suite 200
Phoenix, AZ 85034
Office: (602) 470-5330 Fax: (404) 649-9419

**Neil Brown**
Director - Spectrum Management

December 6, 2007

VIA FACSIMILE (401-934-2240), FEDERAL EXPRESS AND
CERTIFIED MAIL, RETURN RECEIPT REQUESTED

John Primeau, President
North American Catholic Educational
Programming Foundation, Inc.
2419 Hartford Avenue
Johnston, Rhode Island 02919-1719

*Re: Right of First Refusal Response pursuant to that certain ITFS Excess Capacity Airtime Lease Agreement between North American Catholic Educational Programming Foundation, Inc. ("NACEPF") and American Telecasting, Inc. ("ATI"), a wholly-owned subsidiary of Sprint Nextel Corporation, dated December 3, 1991, amended on April 21, 1994 and May 30, 1997 (the "Agreement"), with respect to the D1 through D4 channels (the "Channels") authorized to NACEPF under FCC call sign WLX724 in Bradenton, Florida.*

Dear John:

ATI is in receipt of NACEPF's letter (the "ROFR Notice") dated November 6, 2007 in which you assert that ATI's right of first refusal under Section 1(C) of the Agreement has been triggered by NACEPF's receipt of an offer to lease the Channels from Clearwire Spectrum Holdings II, LLC ("Clearwire").

ATI hereby elects to exercise its right of first refusal with respect to the lease of the Channels under the terms of the Agreement. Pursuant to Section 1(C) of the Agreement, if the fees, charges, rental or consideration to be paid by a third party are in whole or in part in a form other than cash, ATI is permitted to substitute cash in an amount fairly equivalent to the fair value of the non-cash consideration. ATI hereby elects to substitute the value of 16,653 shares of Clearwire Corporation Class A Common Stock on the closing of the NASDAQ market on the date the FCC grants the *De facto* Transfer Application in lieu of the Equity Royalty payable within 10 days of such grant date and $5,612,809 payable in monthly installments of $15,591 in lieu of the Access Right Royalties, as such terms are defined in the Individual Use Agreement accompanying the ROFR Notice and which you have represented constitutes the offer from Clearwire.

Consequently, under the ROFR all provisions of the IUA relating to the Equity Royalty and Access Right Royalties are no longer appropriate and the IUA will be revised accordingly. Furthermore,

operation of the ROFR requires that the IUA be revised to take into account those provisions specific to the identity of Clearwire or that cannot be interpreted without reference to the MRUA or MRUA-1 (as defined in the ROFR Notice). Without limitation, this will include, in lieu of a Clearwire guaranty, a letter of credit, surety bond, security deposit, or other commercially acceptable form of security. Please contact me at your earliest convenience to commence such documentation.

I look forward to working with you to complete this transaction. Should you have any questions regarding this letter, please do not hesitate to contact me.

Sincerely,

Neil Brown

cc: Robert Finch
Joseph P. Dubinski
Craig S. O'Dear

886030

Sprint
Together with NEXTEL

**Sprint Nextel**
3410 E University Drive
Suite 200
Phoenix, AZ 85034
Office: (602) 470-5330 Fax: (404) 649-9419

**Neil Brown**
Director - Spectrum Management

December 6, 2007

VIA FACSIMILE (401-934-2240), FEDERAL EXPRESS AND CERTIFIED MAIL, RETURN RECEIPT REQUESTED

John Primeau, President
North American Catholic Educational
Programming Foundation, Inc.
2419 Hartford Avenue
Johnston, Rhode Island 02919-1719

*Re: Right of First Refusal Response pursuant to that certain ITFS Excess Capacity Airtime Lease Agreement between North American Catholic Educational Programming Foundation, Inc. ("NACEPF") and Mitchell Communications Corp., dated May 31, 1991, assigned to Wireless Plus, Inc. on November 29, 1993, and further assigned to Wireless Plus of Santa Rosa, Inc. on September 2, 1994, and later assigned to American Telecasting of Santa Rosa, Inc. ("ATSR"), a wholly-owned subsidiary of Sprint Nextel Corporation, as amended (the "Agreement"), with respect to the D1 through D4 channels (the "Channels") authorized to NACEPF under FCC call sign WLX642 in Santa Rosa, California..*

Dear John:

ATSR is in receipt of NACEPF's letter (the "ROFR Notice") dated November 7, 2007 in which you assert that ATSR's right of first refusal under Section 1(C) of the Agreement has been triggered by NACEPF's receipt of an offer to lease the Channels from Clearwire Spectrum Holdings II, LLC ("Clearwire").

ATSR hereby elects to exercise its right of first refusal with respect to the lease of the Channels under the terms of the Agreement. Pursuant to Section 1(C) of the Agreement, if the fees, charges, rental or consideration to be paid by a third party are in whole or in part in a form other than cash, ATSR is permitted to substitute cash in an amount fairly equivalent to the fair value of the non-cash consideration. ATSR hereby elects to substitute the value of 17,824 shares of Clearwire Corporation Class A Common Stock on the closing of the NASDAQ market on the date the FCC grants the *De facto* Transfer Application in lieu of the Equity Royalty payable within 10 days of such grant date and $6,146,575 payable in monthly installments of $17,074 in lieu of the Access Right Royalties, as such terms are defined in the Individual Use Agreement accompanying the ROFR Notice and which you have represented constitutes the offer from Clearwire.

Consequently, under the ROFR all provisions of the IUA relating to the Equity Royalty and Access Right Royalties are no longer appropriate and the IUA will be revised accordingly. Furthermore, operation of the ROFR requires that the IUA be revised to take into account those provisions specific to the identity of Clearwire or that cannot be interpreted without reference to the MRUA or MRUA-1 (as defined in the ROFR Notice). Without limitation, this will include, in lieu of a Clearwire guaranty, a letter of credit, surety bond, security deposit, or other commercially acceptable form of security. Please contact me at your earliest convenience to commence such documentation.

I look forward to working with you to complete this transaction. Should you have any questions regarding this letter, please do not hesitate to contact me.

Sincerely,

Neil Brown

cc: Robert Finch
Joseph P. Dubinski
Craig S. O'Dear