MINTZ LEVIN

Russell H. Fox | 202 434 7483 | rfox@mintz.com

701 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
202-434-7300
202-434-7400 fax
www.mintz.com

December 26, 2007

**VIA EMAIL**

Craig S. O'Dear, Esq.
Brian Cave LLP
One Kansas City Place
1200 Main Street, Suite 3500
Kansas City, MO 64105-2100

Re: Expired ITFS Excess Capacity Airtime Lease Agreement between North American Catholic Education Programming Foundation, Inc. ("NACEPF") and American Telecasting, Inc., now a wholly owned subsidiary of Sprint Nextel Corporation ("Sprint"), dated December 3, 1991 ("Sprint"), amended on April 21, 1994 ("First Amendment"), May 3, 1997 ("Second Amendment") and May 30, 1997 ("Third Amendment") (collectively, "Bradenton Agreement")

Expired ITFS Excess Capacity Airtime Lease Agreement between North American Catholic Education Programming Foundation, Inc. ("NACEPF") and Mitchell Communications Corp. dated May 31, 1991, assigned to Wireless Plus, Inc. on November 29, 1993, further assigned to Wireless Plus of Santa Rosa, Inc. on September 2, 1994, and further assigned to American Telecasting of Santa Rosa, Inc. ("ATSR"), now a wholly-owned subsidiary of Sprint Nextel Corporation ("Sprint"), (collectively, "Santa Rosa Agreement," and with the Bradenton Agreement, the "Agreements")

Dear Mr. O'Dear:

This responds to Neil Brown's December 18, 2007, letter to John Primeau, president of NACEPF. Mr. Brown's letter was intended to respond to Mr. Primeau's December 13, 2007, letter regarding the Agreements.

Mr. Brown's letter continues to mischaracterize Sprint's obligations under the right of first refusal ("ROFR") in the Agreements. If it wishes to exercise its ROFR, Sprint must offer the same consideration offered to NACEPF by a third party. If any of the consideration offered by a third party is not cash, Sprint must propose a cash equivalent for such non-cash consideration. If Sprint meets all the cash consideration terms and offers a cash alternative for the non-cash terms but the parties disagree on Sprint's valuation of the non-cash terms, the Agreement provides that the parties may arbitrate that valuation.

NACEPF has received an offer from Clearwire Spectrum Holdings II, LLC ("Clearwire") to lease NACEPF's wireless channels in Santa Rosa and Bradenton. The cash and non-cash compensation offered by Clearwire is contained in the form of the Clearwire offer and in the MRUA and MRUA-1 between NACEPF and Clearwire. In each letter NACEPF has written to Sprint providing Sprint with an opportunity to exercise its ROFR rights in response to a Clearwire offer, NACEPF has stated that

the MRUA and MRUA-1 are integral parts of the Clearwire offer. So that Sprint has a full understanding of the terms it must meet in order to exercise the ROFR, NACEPF has on multiple occasions provided Sprint with copies of MRUA and MRUA-1 as well as the form of the Clearwire offer.

Rather than respond with a specific offer that meets the consideration in the Clearwire offer, Sprint has merely made abstract assertions that it has validly exercised its ROFR rights. Sprint has not provided NACEPF with a draft lease or even a term sheet demonstrating how it intends to meet the cash and non-cash terms of the Clearwire offer. NACEPF believes it has provided Sprint all the information it requires to properly exercise its ROFR rights, and ample opportunity to respond to Clearwire's offer. Nonetheless, in the interest of avoiding further litigation regarding the validity of Sprint's exercise of its ROFR rights, we suggest that Sprint send NACEPF a draft lease or a marked version of the NACEPF/Clearwire documents, deleting what Sprint believes to be non-cash consideration it is unable to meet, adding in the place of such provisions a cash alternative and substituting its name for Clearwire's where appropriate. In this fashion, NACEPF will be able to determine if Sprint has properly attempted to exercise its ROFR rights.

In light of the upcoming conference on this matter in Federal District Court on January 10, 2008, we ask that you provide us with a draft lease or a marked version of the NACEPF/Clearwire documents in the form described above, by 5 PM EST, January 4, 2008. If NACEPF determines that Sprint has properly exercised its ROFR, it shall so notify the Court by no later than 5 PM EST, January 8, 2008.

We look forward to hearing from you. If you have any questions, please let me know.

Very truly yours,

*/s/ Russell H. Fox*

Russell H. Fox
Counsel to NACEPF

cc: John Primeau (via e-mail)
Neil E. Brown, Jr.(via e-mail)
Robert Finch (via e-mail)
Jeffrey Brenner (via e-mail)

(via Certified Mail)
Sprint Broadband Wireless
Manager, Spectrum Contracts & Licenses
6360 Sprint Parkway
Overland Park, KS 66251
Mailstop: KSOPHE0310 3A522

(via Certified Mail)
Sprint Broadband Wireless
Vice President, Spectrum Management
6360 Sprint Parkway
Overland Park, KS 66251
Mailstop: KSOPH0306 3B775