UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| AMERICAN TELECASTING OF SANTA ROSA, INC., et al., Plaintiffs, | : | |
| v. | : | No. 04-467 ML |
| NORTH AMERICAN CATHOLIC EDUCATIONAL PROGRAMMING FOUNDATION, INC., Defendant. | : | |

**DEFENDANT'S MOTION FOR PERMISSION TO FILE DOCUMENTS CONTAINING CONFIDENTIAL INFORMATION UNDER SEAL**

Defendant North American Catholic Educational Programming Foundation, Inc. ("NACEPF") hereby moves pursuant to Local Rule Gen. 102 for an order permitting it to file certain documents under seal to protect the disclosure of confidential information.

In support of this Motion, NACEPF, states the following:

1. NACEPF is a Federal Communications Commission ("FCC') licensee of 52 authorizations that permit it to operate spectrum in the band 2500-2690 MHz (the so-called 2.5 GHz band). Plaintiffs (both of which are subsidiaries or affiliates of Sprint Nextel Corporation ("Sprint")) lease certain of NACEPF's spectrum rights in the Bradenton, Florida and Santa Rosa, California markets. Sprint, or its affiliates, also lease (or leased) spectrum rights from NACEPF in other markets.

2. The written leases between NACEPF and Sprint contain a provision that grants Sprint a right of first refusal ("ROFR") for one year after the lease expires. In the present case, the leases at issue expired within the last year and on November 6 and 7, 2007 NACEPF notified Sprint, pursuant to terms of their written agreements, that it had received another offer from

Clearwire Corporation ("Clearwire") to lease the Bradenton and Santa Rosa spectrum previously leased by Sprint.

3. NACEPF provided Sprint with the detailed terms of Clearwire's offer by providing it with copies of the actual written agreements that contained the terms of Clearwire's offer. These agreements consisted of two Individual Use Agreements ("IUA"), one relating to the Santa Rosa market and the other to the Bradenton market, and two Master Royalty and Use Agreements ("MRUA" and "MRUA-1"). MRUA and MRUA-1 are agreements that were previously entered into between Clearwire and NACEPF (and, in the case of MRUA, other parties).

4. The MRUA and MRUA-1 both contain confidentiality provisions. In the context of Sprint's potential exercise of its ROFR rights for markets other than the markets at issue here, and prior to Sprint's purported attempt to properly exercise its ROFR rights here, Clearwire gave NACEPF permission to provide these documents to Sprint for the purpose of Sprint's potential exercise of its ROFR rights. However, these documents are not a matter of public record or otherwise available and contain confidential business information.

5. The IUAs also contain confidentiality provisions. These agreements were provided to Sprint with Clearwire's permission for the purpose of Sprint's potential exercise of its ROFR rights with respect to the Santa Rosa and Bradenton markets. As with MRUA and MRUA-1, these documents are not a matter of public record or otherwise available and contain confidential business information.

6. Defendant intends to provide this Court with a May 11, 2007 letter from NACEPF to Sprint that contains a detailed discussion of the terms of MRUA, MRUA-1 and an IUA similar

to those at issue here. This document is not a matter of public record or otherwise available and contain confidential business information

7. The IUAs, MRUA, MRUA-1 and the May 11, 2007 letter all contain sensitive financial and business information that both NACEPF and Clearwire have taken reasonable steps to keep confidential. NACEPF and Clearwire have a legitimate interest in maintaining the confidentiality of this information.

8. The present action relates to a dispute between NACEPF and Sprint as to whether Sprint properly exercised its ROFR rights. In particular, NACEPF contends Sprint did not properly exercise its ROFR rights, in part, because it did not agree to a number of the terms contained in Clearwire's offers. NACEPF must provide this Court with the terms of Clearwire's offers, contained in the IUAs, MRUA and MRUA-1 and the May 11, 2007 letter, to support its argument on this point.

9. NACEPF wishes to protect the confidential information in these documents from public disclosure and potential misuse in the market place by filing these five documents under seal. Defendant has narrowly tailored its request to protect only that information that is not publicly available and contains highly sensitive financial information that, if made public, could be of use to Clearwire or NACEPF's competitors. Defendant's request seeks only to protect four documents that reflect the terms of private transactions and a letter that summarizes, in some detail, the terms of those private transactions. Except as to these five documents, Defendant does not seek to seal any other of its exhibits. The documents Defendant seeks to seal are referenced in its Memorandum of Law in Opposition to Plaintiffs' Motion for a Temporary Restraining Order as Exhibits 2, 4-7.

Wherefore, NACEPF respectfully requests that this Court grant this Motion and permit NACEPF to file under seal Exhibits 2 and 4-7 to its Memorandum of Law in Opposition to Plaintiffs' Motion for a Temporary Restraining Order.

January 8, 2008

Respectfully submitted,

NORTH AMERICAN CATHOLIC
EDUCATIONAL PROGRAMMING
FOUNDATION, INC.

By their Attorneys,

Mark A. Pogue (#3441)
EDWARDS ANGELL PALMER & DODGE, LLP
2800 Financial Plaza
Providence, RI 02903
Tel: (401) 274-9200
Fax: (401) 276-6611
E-Mail: mpogue@eapdlaw.com

Of Counsel:

Michael F. Connolly (*pro hac vice* application pending)
Russell H. Fox (*pro hac vice* application pending)
Sarah B. Herlihy (*pro hac vice* application pending)
Howard J. Symons
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO PC
One Financial Center
Boston, MA 02111
Tel: 617-542-6000
Fax: 617-542-2241
E-Mail: mfconnolly@mintz.com
E-Mail: sbherlihy@mintz.com

CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of January, 2008 a copy of the foregoing Defendant's Motion For Permission To File Documents Containing Confidential Information Under Seal was served by ~~first class mail, postage prepaid~~ hand to Jeffrey S. Brenner, Esq., Nixon Peabody LLP, One Citizens Plaza, Suite 500, Providence, RI 02903.

[signature]